**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0446-22

THE PALISADES LLC
c/o EDWARD PEC,

     Plaintiff-Respondent,

v.

KAZUE KOIZUMI and
ANGEL LOPEZ,

     Defendants-Appellants.

_____

Submitted April 2, 2025 – Decided June 16, 2025

Before Judges Marczyk and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. SC-000378-22.

Kazue Koizumi and Angel Lopez, appellants pro se.

The Throne Law Firm LLC, attorney for respondent (William E. Throne IV, on the brief).

PER CURIAM

Defendants Kazue Koizumi and Angel Lopez appeal from the trial court's September 9, 2022 order denying their motion for reconsideration and to vacate the judgment entered in favor of plaintiff The Palisades LLC c/o Edward Pec on June 27, 2022, following a trial in the Special Civil Part. Following our review of the record and the applicable legal principles, we affirm.

I.

Plaintiff is the owner of an apartment building in Palisades Park. Defendants were tenants responsible to pay $1,040 per month in rent. In August 2021, defendants were advised by the Department of Community Affairs (the "DCA") they were approved for a COVID-19 Emergency Rental Assistance Program ("ERAP") stipend of $3,120, representing rent from August through October 2021. Prior to receiving that notice, defendants directed plaintiff to apply their security deposit of $900, along with an additional $140 from a personal check, to the August 2021 rent. The total rent due for the period from August 2021 through February 2022 was $7,280 ($1,040 multiplied by seven months). Because plaintiff only received $4,160 in payments ($1,040 from the security deposit and personal check, plus $3,120 of ERAP funds) during this period, it alleged defendants owed $3,120 in back rent in its complaint.

Following a bench trial, the court determined that no other rent payments were made between July 2021 and March 2022 other than the ERAP stipend and

plaintiff's security deposit, along with defendants' personal check for the balance of the July rent. Accordingly, it entered a judgment on June 27, 2022 in favor of plaintiff in the amount of $3,120. Thereafter, the court denied defendants' motion for reconsideration.

## II.

On appeal, defendants argue the trial court erred "because [the court] chose to disbelieve" their evidence purporting to show plaintiff's proofs were inaccurate and fabricated. Specifically, they allege the court disregarded an email sent to Koizumi from the DCA, which allegedly confirmed defendants' rent was paid in the amount of $1,040 per month for the months of August through October 2021. Moreover, they assert the November 2021 payment was paid through Koizumi utilizing her security deposit in the amount of $900 plus a personal check in the amount of $140. They contend the trial court should have called the DCA to answer any questions. They further argue the trial court improperly relied on a modified version of an email from plaintiff that was fraudulent.

Defendants further contend there was inadequate proof to demonstrate that the DCA funds in the amount of $3,120 were to be utilized at a rate of $520 per month for the months of September 2021 through February 2022. Defendants maintain that plaintiff received a check in the amount of $3,120 in

3

July 2021 for the months of August 2021 through October 2021. In short, they contend plaintiff is trying to force them to pay rent that the DCA already paid on their behalf. Defendants allege the trial court failed to understand the exhibits they submitted and erred in its "calculations and conclusions."

Plaintiff counters the trial court's denial of defendants' motion for reconsideration was supported by the record and did not constitute an abuse of discretion. It contends the court thoroughly and accurately evaluated the motion and properly denied it. It notes the thrust of defendants' argument appears to be that there were additional DCA funds paid to plaintiff which were not included in defendants' rent ledger. However, plaintiff contends defendants' argument is based on a misinterpretation of a letter from plaintiff's previous counsel prior to the institution of the lawsuit. It asserts the trial court rejected this interpretation and noted the letter did not suggest that plaintiff was paid additional funds from the DCA exceeding the $3,120 paid in July 2021.

"Motions for reconsideration are governed by Rule 4:49-2, which provides . . . the decision to grant or deny a motion for reconsideration rests within the sound discretion of the trial court." Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (citing Capital Fin. Co. of Del. Valley v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008)). "Reconsideration should be used only where '1) the [c]ourt has expressed its

decision based upon a palpably incorrect or irrational basis, or 2) it is obvious . . . the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence.'" Ibid. (alterations in original) (quoting Capital Fin. Co., 398 N.J. Super. at 310). Therefore, an appellate court will not disturb a trial court's decision on a motion for reconsideration unless there is a clear abuse of discretion. Ibid. "An abuse of discretion arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Kornbleuth v. Westover, 241 N.J. 289, 302 (2020) (quoting Pitney Bowes Bank, Inc., 440 N.J. Super. at 382).

Ordinarily, we would confine our review to the order denying reconsideration given that it was the only order referenced in defendants' notice of appeal. However, there are situations when the order for reconsideration and underlying judgment are so intertwined it is necessary to address both. Fusco v. Bd. of Educ. of Newark, 349 N.J. Super. 455, 461-62 (App. Div. 2002). Accordingly, we also will briefly address defendants' arguments regarding the trial court's credibility findings, limited to the court's comments in ruling on the motion for reconsideration because defendants failed to provide the trial transcript.

We apply a deferential standard when reviewing factual findings made by a trial judge after a bench trial. Balducci v. Cige, 240 N.J. 574, 594-95 (2020).

5

"[We] give deference to the trial court that heard the witnesses, sifted the competing evidence, and made reasoned conclusions." Griepenburg v. Twp. of Ocean, 220 N.J. 239, 254 (2015). A trial court's findings of facts will be accepted unless the "findings are 'manifestly unsupported' by the 'reasonably credible evidence' in the record." Balducci, 240 N.J. at 595 (quoting Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011)). However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference[,]" Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995), and are reviewed de novo. T.L. v. Goldberg, 238 N.J. 218, 228 (2019).

The trial court initially rendered an oral decision denying defendants' motion for reconsideration to vacate the June 27, 2022 order for judgment in favor of plaintiff. It noted that defendants were essentially moving for a new trial, and they were attempting to introduce new evidence. According to the court, defendants were alleging for the first time they overpaid plaintiff $240 during the rental period at issue. It noted there was nothing presented by defendants to demonstrate that the court's judgment at trial was "in any way palpably wrong or irrational."

In December 2022, the court issued a written opinion amplifying its prior decision pursuant to Rule 2:5-1(b). It noted plaintiff's complaint sought

6

outstanding rent in the amount of $3,120 for the months of September 2021 through February 2022. It recounted that it found Edward Pec's testimony that there was an outstanding balance of fifty percent of the six months' rent due from the timeframe at issue more credible than defendants' claims. It held that it did not have any information before it at trial regarding the purported new DCA application or its status. The court observed that as of December 31, 2021, "there were no further funds appropriated for the [ERAP]."[1]

The court found nothing precluded plaintiff from seeking a judgment for outstanding rent when an application for rental assistance was pending. Accordingly, the court entered a judgment in favor of plaintiff in the amount of $3,120. It relied on N.J.S.A. 52:27D-287.9(b) for the proposition that plaintiff was entitled to recover rent due and owing by a residential tenant during the covered period of time for which compensation is not otherwise provided by any public source and is therefore considered a civil debt that may be pursued as a money judgment. It noted its prior decision was "rational and was based on the

---

[1] Plaintiff notes that in November 2022, following the filing of this appeal, defendants received an additional ERAP rental assistance check in the amount of $3,120, which was applied to the outstanding judgment. Plaintiff submits, because the judgment has been paid, the appeal should be moot. However, because defendants maintain that the court erred in awarding plaintiff $3,120, we determine the appeal is not moot.

math and . . . on the testimony." The court concluded defendants presented no new information to substantiate their motion for reconsideration and therefore denied it with prejudice.

We are unpersuaded that the trial court based its decision upon a palpably incorrect or irrational basis. The court set forth its credibility findings and the basis for its conclusions. There is no indication the court failed to appreciate the significance of any probative or competent evidence. Accordingly, we conclude the court did not misapply its discretion in denying defendants' motion for reconsideration.

With respect to the court's factual findings at trial, based on the court's summary of its decision in ruling on defendants' motion for reconsideration, we conclude there was ample evidence to support the court's judgment. The court set forth in detail the basis for its decision coupled with its credibility findings made at trial. Whether defendants' back rent is calculated at $520 per month for six months or $1,040 for three months, the result is the same. In short, the court determined defendants owed $3,120 of back rent. There is no indication the

A-0446-22

court's findings were manifestly unsupported by the credible evidence in the record. Therefore, we discern no basis to disturb the court's factual findings.[2]

Defendants' argument regarding the alleged fraudulent email is also unconvincing. Initially, we observe it is not clear this email was admitted as evidence or considered by the trial court in reaching its conclusion. Moreover, because defendants have not provided the trial transcript, there is no indication they objected to the introduction of this email.

To the extent we have not addressed any other arguments raised by defendants, we are satisfied they are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

---

[2] Defendants also argue in their reply brief for the first time on appeal in a point heading that a Japanese interpreter should have been provided at trial. An issue not addressed in a party's initial merits brief is deemed waived. See Drinker Biddle & Reath LLP v. N.J. Dep't of L. & Pub. Safety, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011); see also Fuhrman v. Mailander, 466 N.J. Super. 572, 599 (App. Div. 2021). It is improper for a party's reply brief to raise an issue for the first time or enlarge the main argument. See N.J. Republican State Comm. v. Murphy, 243 N.J. 574, 615 n.37 (2020); see also L.J. Zucca, Inc. v. Allen Bros. Wholesale Distribs. Inc., 434 N.J. Super. 60, 87 (App. Div. 2014). Moreover, defendants provide no citation to the record before the trial court where this issue was raised.

A-0446-22